UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JONES,

       Plaintiff,                      CIVIL ACTION NO. 10-11604

      v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

THOMAS PARLING, BUCKHOLZ,     MAGISTRATE JUDGE VIRGINIA M. MORGAN
and THOMAS

       Defendants.[1]
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D/E #27)
and PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D/E #34)**

**I. Introduction**

      This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendants violated his constitutional rights. The matter comes before the court on defendants Parling, Buckholz and Thomas' Motion for Summary Judgment (D/E #27) and plaintiff's Motion for Summary Judgment (D/E #34). For the reasons discussed below, this court recommends that both defendants' motion for summary judgment (D/E #27) and plaintiff's motion for summary judgment (D/E #34) be **DENIED**.

---

[1] Plaintiff's complaint/amended complaint named numerous other defendants, but all defendants except Parling, Buckholz, and Thomas have been dismissed (D/E #8).

-1-

**II. Background**

On April 21, 2010, plaintiff filed a complaint against numerous defendants in this matter (D/E #1). Subsequently, plaintiff filed an amended complaint (D/E #2) and a memorandum of law further outlining his claims and providing exhibits in support of those claims (D/E #5). As stated in thecomplaint, amended complaint and memorandum of law, plaintiff alleges that the defendants have violated plaintiff's right to due process by conspiring to falsify information about plaintiff's conviction and sentence. According to plaintiff, those actions led to a discrepancy between records maintained by the MDOC and his actual sentence. Plaintiff further alleges that, as a result of that discrepancy, he has been incarcerated longer than is allowed under his sentence and, as a result of being unlawfully held in prison, he has been subjected to torture, abuse, sleep deprivation, starvation, and a hostile environment.

On June, 14, 2010, the Honorable George Caram Steeh issued an order dismissing all of the defendants except defendants Parling, Buckholz and Thomas (D/E #8). As found by Judge Steeh, while the bulk of plaintiff's claims were barred by favorable-termination rule set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), plaintiff did state a retaliation claim against Parling, Buckholz and Thomas:

> Plaintiff alleges that defendants Buckholz, Parson, and Thomas fabricated misconduct reports and security classification documents in order to increase his custody level. This was done, according to Plaintiff, in retaliation for his attempt to seek a pardon or commutation of sentence from the Michigan Parole Board. These allegations state an arguable claim for relief.

[D/E #8, p.4]

On September 20, 2010, the remaining defendants filed a motion for summary judgment (D/E #27). In that motion, they argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing his § 1983 claim and because they are protected by qualified immunity. Defendants also argue that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

On October 20, 2010, plaintiff filed a response in opposition to defendants' motion (D/E #32). In that response, plaintiff argues that he exhausted his administrative remedies to the extent they were available and that he stated a cognizable claim under § 1983.

On November 2, 2010, this court issued an order requiring defendants to file a supplemental brief in support of their motion for summary judgment (D/E #33). As stated by this court:

> With respect to defendants' motion for summary judgment (D/E #27), defendants are ordered to provide a supplement brief regarding the issue of exhaustion of administrative remedies by **November 15, 2010**. That supplemental brief must also include the Grievance Inquiry Screen displaying all Step III Grievance Appeals filed by plaintiff, which defendants did not attach to Exhibit 1 of their motion for summary judgment as they claimed, and all Grievances pursued by plaintiff through Step III of the MDOC Grievance Process. Plaintiff will have until **December 3, 2010** to file a response to defendants' supplemental brief.

[D/E #33, p. 2 (emphasis in original)]

Defendants failed to file a supplemental brief as ordered. On November 29, 2010, plaintiff filed his own motion for summary judgment (D/E #34), arguing that he exhausted his administrative remedies prior to filing suit, there is no evidence to support a defense to the complaint, and there is no genuine issue of material fact for trial.

**III. Standard of Review**

Defendants and plaintiff move for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), which states that:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348

(quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

### A. Defendants' Motion for Summary Judgment (D/E #27)

As discussed above, defendants argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing his § 1983 claim and because they are protected by qualified immunity. Defendants also argue that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Each of those arguments will be addressed in turn and, for the reasons discussed below, this court recommends that defendants' motion for summary judgment be denied.

#### 1. Exhaustion of Administrative Remedies

Defendants first argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, 549 U.S. 199, 202-204, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must

be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

The administrative procedure applicable to the plaintiff's claims is set forth in MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances." (MDOC PD 03.02.130; attached as Exhibit 2 to D/E #27) Pursuant to that policy directive, the MDOC grievance process consists of three steps: a Step I grievance filing setting forth the issue being grieved and identifying the persons involved in the issue after an unsuccessful attempt at a verbal resolution. If the inmate is dissatisfied with the Step I response to his grievance, he may file a Step II appeal; which is followed by a Step III grievance appeal in the event he is dissatisfied with the Step II grievance response. (MDOC PD 03.02.130, ¶¶ P, R, V, BB; attached as Exhibit 2 to D/E #27) All grievances pursued through all three steps of the MDOC grievance process are recorded are logged in a computerized grievance tracking system. (MDOC PD 03.02.130, ¶ GG; attached as Exhibit C to D/E #19)

In this case, however, there is a lack of evidence regarding the grievance process. Defendants argue in their motion for summary judgment that plaintiff to exhaust his claims, but they provide no support for that argument. Defendants assert that they attached copies of the grievance inquiry screens applicable to plaintiff to their motion (Affidavit of Richard Stapleton, ¶ 14; attached as Exhibit 1 to D/E #27), but no such evidence is attached. Nor did defendants provide the documents related to any grievances plaintiff appealed through Step III.

After reviewing defendants' motion, this court gave defendants an opportunity to correct the evidentiary deficiencies and ordered them to file a supplemental brief:

> With respect to defendants' motion for summary judgment (D/E #27), defendants are ordered to provide a supplement brief regarding the issue of exhaustion of administrative remedies by **November 15, 2010**. That supplemental brief must also include the Grievance Inquiry Screen displaying all Step III Grievance Appeals filed by plaintiff, which defendants did not attach to Exhibit 1 of their motion for summary judgment as they claimed, and all Grievances pursued by plaintiff through Step III of the MDOC Grievance Process. Plaintiff will have until **December 3, 2010** to file a response to defendants' supplemental brief.

[D/E #33, p. 2 (emphasis in original)] Defendants failed to comply with this court's order and file a supplemental brief providing the necessary evidence.

Given defendants' failure to provide the evidence they claim to have provided earlier in support of their argument, even when ordered to by the court, defendants have failed to meet their initial burden of demonstrating the absence of a genuine issue of material fact and their motion for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies should be denied. Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.

**2. Qualified Immunity**

Defendants also argue that they are entitled to summary judgment because of their qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200; 121 S.Ct. 2151; 150 L.Ed.2d 272 (2001) *overruled in part by* Pearson v. Callahan, 129 S.Ct. 808, 172 L.Ed.2d 565, (2009), (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The privilege is an immunity from suit and not a mere defense to liability. Saucier, 533 U.S. at 200.

As a result, courts have "repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

"A court should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" Flint ex rel. Flint v. Kentucky Dept. of Corrections, 270 F.3d 340, 346-347 (6th Cir. 2001) quoting Poe v. Haydon, 853 F.2d 418, 425-426 (6th Cir. 1988). A court required to rule upon the qualified immunity issue must consider whether the facts alleged show the officer's conduct violated a constitutional right and whether that constitutional right was clearly established. Saucier, 533 U.S. at 201. In making those inquiries, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Saucier, 533 U.S. at 201.

Here, defendants' entire qualified immunity argument states:

In this case, Defendants maintain that Plaintiff's allegations of retaliation, conditions of confinement violations, and conspiracy are without merit. Defendants' actions in no way violated any of Plaintiff's constitutional rights.

> None of Plaintiff's allegations, nor the facts, shows that Defendants violated any
> of Plaintiff's federal statutory or constitutional rights. Defendants are, thus,
> entitled to qualified immunity and summary judgment.

[D/E #33, p. 13] Defendants do not, however, provide any evidentiary support for that argument or address it any further. As discussed above, a court "should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" Flint, 270 F.3d at 346-347 (quoting Poe, 853 F.2d at 425-426). In this case, given the brevity of defendants' argument and the complete lack of evidence in support of that argument, defendants have failed to meet their initial burden of demonstrating the absence of a genuine issue of material fact. Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. Accordingly, their motion for summary judgment on the basis of qualified immunity should be denied.

### 3. Supplemental Jurisdiction

Defendants also argue that the court should decline to exercise supplemental jurisdiction over plaintiff's state law conspiracy claim. As argued by defendants, supplemental jurisdiction is governed by 28 U.S.C. § 1367 and that statute includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

As a initial matter, this court would note that defendants' argument assumes that plaintiff has no remaining federal claim. For the reasons discussed above, this court rejects that view and recommends that defendants' motion for summary judgment on the basis of a failure to exhaust

or qualified immunity be denied. This court would therefore also recommend that defendants' argument regarding supplemental jurisdiction also be denied.

Moreover, this court would also note that it finds defendants' argument to be misplaced. While defendants assert that plaintiff has a state law based conspiracy claim, that does not appear to be the case. As discussed above, Judge Steeh dismissed all of the claims in this § 1983 action with the exception of one and the remaining claim is based on federal law:

> Plaintiff alleges that defendants Buckholz, Parson, and Thomas fabricated misconduct reports and security classification documents in order to increase his custody level. This was done, according to Plaintiff, in retaliation for his attempt to seek a pardon or commutation of sentence from the Michigan Parole Board. These allegations state an arguable claim for relief.

[D/E #8, p.4]

### B. Plaintiff's Motion for Summary Judgment (D/E #34)

On November 29, 2010, plaintiff filed his own motion for summary judgment (D/E #34), arguing that he exhausted his administrative remedies prior to filing suit, there is no evidence to support a defense to the complaint, and there is no genuine issue of material fact for trial. Plaintiff's remaining claim is one for retaliation and, for the reasons discussed below, plaintiff is not entitled to summary judgment on that claim.[2]

A prisoner claiming retaliation for the exercise of a constitutional right must show that

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between

---

[2]Plaintiff also appears to seek summary judgment on his already-dismissed condition of confinement claim and a § 1985 claim he never made earlier.

elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

[Lockett v. Suardini, 526 F.3d 866, 874 (6th Cir. 2008) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc))]

Here, plaintiff submitted evidence along with complaint, amended complaint and memorandum of law, but all of that evidence related to his subsequently dismissed condition of confinement claim. Moreover, plaintiff only repeated the allegations of his complaint in his motion for summary judgment and he has failed to meet his initial burden of demonstrating the absence of a genuine issue of material fact. Because the initial burden on summary judgment is on the moving party to conclusively show no genuine issues of material fact exist, Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003), and plaintiff has not met this initial burden, plaintiff's motion for summary judgment should be denied.

## V. Conclusion

For the reasons discussed above, the court recommends that both defendants' motion for summary judgment (D/E #27) and plaintiff's motion for summary judgment (D/E #34) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: January 14, 2011

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and Mark Jones via the Court's ECF System and/or U. S. Mail on January 14, 2011.

        s/J. Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan